UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                           )
PHILIP C. SCHEIDE,                         )     CASE NUMBER:
                      Plaintiff,           )
VS.                                        )
                                           )
JOHN A. TRAPP                              )
and JEWELL RESOURCES, INC.                 )
                      Defendants.          )     MARCH 28, 2016
_____

## COMPLAINT

1. Plaintiff, Philip C. Scheide (hereinafter referred to as "Scheide"), is a resident of the Town of Salem in the State of Connecticut.

2. Defendant, John A. Tripp (hereinafter referred to as "Tripp"), is a resident of the Town of Hillsborough in the State of New Hampshire.

3. Defendant, Jewell Resources, Inc. (hereinafter referred to as "Jewell"), is a foreign corporation authorized to transact business in the State of Connecticut.

## FACTS

4. On or about July 14, 2015, the Defendant Tripp was an employee of Defendant Jewell.

5. On or about July 14, 2015, the Defendant Tripp was operating a vehicle owned by the Defendant Jewell as its agent, servant and/or employee in the regular course of business.

6. On or about July 14, 2015, at approximately 9:50 am, the Defendant Tripp was driving said vehicle in a northerly direction in the left lane of three lanes of travel on Route 9N in the Town of Cromwell.

7. At the same time, the Plaintiff Scheide was the operator of a motor vehicle traveling in a northerly direction in the center lane of three lanes of travel on Route 9N in the Town of Cromwell.

8. On said date and at said time and place, the Defendant Tripp suddenly and without warning caused the vehicle he was operating to strike the Plaintiff Scheide's vehicle causing a collision and resulting in the damages and losses to the Plaintiff as more fully set forth herein.

## JURISDICTION AND VENUE

9. Jurisdiction is invoked under the provisions of the diversity statute, 28 U.S.C. §1332 et. seq.

10. The amount in controversy exceeds Seventy Five Thousand ($75,000) Dollars.

## COUNT ONE
### (Negligence as to Defendant Tripp)

11. The Plaintiff incorporates by reference all the allegations in Paragraphs 1-10 as if fully stated herein.

12. The Plaintiff's injuries were caused by the negligence and carelessness of the Defendant Tripp in one or more of the following ways:

    a. He failed to keep his motor vehicle under proper and reasonable control;
    b. He was operating his motor vehicle at an unreasonable rate of speed given the traffic conditions, weather conditions and road conditions;
    c. He operated his vehicle in an inattentive manner and failed to keep a proper and reasonable lookout for other vehicles on the highway;

      d.     He failed to turn his vehicle to the left or the right so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could and should have done so;

      e.     He failed to apply his brakes in time to avoid a collision although, by a proper and reasonable exercise of his faculties he could and should have done so;

      f.     He failed to sound his horn to give the Plaintiff timely warning or any warning of his impending approach;

      g.     He operated his vehicle at an unreasonable rate of speed and recklessly, having disregard as to the width, traffic and use of said highway, the intersection of streets and the weather conditions in violation of Section 14-218a of the General Statutes;

      h.     He failed to keep his vehicle entirely within a single lane on said multiple lane highway and moved from one lane into the other when it was not reasonably safe to do so, in violation of Section 14-236 of the General Statutes; and/or

      i.     He followed the Plaintiff's vehicle more closely than is reasonable and prudent in violation of Section 14-240 of the General Statutes.

13. As a result of the negligence and carelessness of the Defendant Tripp as aforesaid, the Plaintiff sustained the following severe and painful injuries some or all of which may be permanent in nature, the full extent of which could not be ascertained, including: head injury, loss of consciousness, concussion, neck pain with radiculopathy, back pain with radiculopathy, lumbar sprain/strain, cervicalgia, cervical sprain/strain, bilateral upper extremity pain, left hand injury, headaches, cognitive deficits including memory problems, concentration problems, and forgetfulness, dizziness, blurred vision, and pain and suffering.

14. As a further consequence of said incident, and the Plaintiff's injuries as aforesaid, the Plaintiff suffered severe pain of body and anxiety of mind and may suffer similarly in the future.

15. As a further consequence of said incident, and his injuries as aforesaid, the Plaintiff was and still is limited in the use and motion of his neck and may be so limited for the rest of his natural life, as all of said injuries are now or may be permanent in nature.

16. As a further consequence of said incident, and his injuries as aforesaid, the Plaintiff continues to have cognitive deficits and may be so limited for the rest of his natural life, as all of said deficits are now or may be permanent in nature.

17. As a further consequence of said incident and his injuries as aforesaid, the Plaintiff was forced to undergo medical care and treatment and he may be required to have additional medical care and treatment in the future.

18. As a further consequence of said incident, and his injuries as aforesaid, the Plaintiff has paid or has incurred and has become obligated to pay bills for medical care and treatment and the like and he may be required to make expenditures for similar services and products in the future.

19. As a still further consequence of said incident, and his injuries as aforesaid, the Plaintiff has been unable to pursue his wanted activities and life's promises, was and has been, greatly diminished, impaired and reduced, all to his loss and damage.

20. As a still further consequence of said incident, and his injuries as aforesaid, the Plaintiff was unable to perform his work duties with a resulting financial loss of earnings.

WHEREFORE, the Plaintiff demands judgment against the Defendant Tripp, in an amount sufficient to satisfy the jurisdiction of this Court, plus interest, costs and whatever further relief this Honorable Court deems appropriate.

## COUNT TWO
**(Negligence as to Defendant Jewell)**

21. The Plaintiff incorporates by reference all the allegations in Paragraphs 1-10 as if fully stated herein.

22. At all times mentioned herein, the Defendant Jewell was the owner of the vehicle being operated by the Defendant Tripp.

23. The Plaintiff's injuries were caused by the negligence and carelessness of the Defendant Jewell, who is liable for the acts of its agent. servant and/or employee, Defendant Tripp, in one or more of the following ways:

    a. In that its agent, servant and/or employee failed to keep his motor vehicle under proper and reasonable control;
    b. In that its agent, servant and/or employee was operating his motor vehicle at an unreasonable rate of speed given the traffic conditions, weather conditions and road conditions;
    c. In that its agent, servant and/or employee operated his vehicle in an inattentive manner and failed to keep a proper and reasonable lookout for other vehicles on the highway;
    d. In that its agent, servant and/or employee failed to turn his vehicle to the left or the right so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could and should have done so;
    e. In that its agent, servant and/or employee failed to apply his brakes in time to avoid a collision although, by a proper and reasonable exercise of his faculties he could and should have done so;
    f. In that its agent, servant and/or employee failed to sound his horn to give the Plaintiff timely warning or any warning of his impending approach;
    g. In that its agent, servant and/or employee operated his vehicle at an unreasonable rate of speed and recklessly, having disregard as to the width, traffic and use of said highway, the intersection of streets and the weather conditions in violation of Section 14-218a of the General Statutes;
    h. In that its agent, servant and/or employee failed to keep his vehicle entirely within a single lane on said multiple lane highway and moved from one lane into the other when it was not reasonably safe to do so, in violation of Section 14-236 of the General Statutes; and/or
    i. In that its agent, servant and/or employee followed the Plaintiff's vehicle more closely than is reasonable and prudent in violation of Section 14-240 of the General Statutes.

24. The Plaintiff incorporates by reference all the allegations in Paragraphs 13-20 as if fully stated herein.

WHEREFORE, the Plaintiff demands judgment against the Defendant Jewell in an amount sufficient to satisfy the jurisdiction of this Court, plus interest, costs and whatever further relief this Honorable Court deems appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL COUNTS.**

THE PLAINTIFF,

By: _____#CT04366_____
      Anthony Alan Sheffy
      Sheffy, Mazzaccaro, DePaolo & DeNigris, LLP
      166 North Main Street
      Southington, CT 06489
      CT Bar No. 04366
      Phone: 860-620-9460
      Fax: 860-620-9348